UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT W GALEY JR**             CASE NO. 2:22-CV-06203

**VERSUS**                         JUDGE JAMES D. CAIN, JR.

**JOSEPH R BIDEN JR ET AL**        MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 18] filed by defendants under Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposes the motion. Doc. 22.

## I.
### BACKGROUND

This suit arises from the COVID-19 vaccination mandate implemented by the United States Army on August 24, 2021. Plaintiff, an active-duty service member in the U.S. Army, filed suit on December 29, 2022, against various government officials for violating his statutory and constitutional rights to religious freedom through the vaccine mandate. Doc. 1. He alleged that the Army had denied his request for exemption from the mandate based on sincere religious beliefs and instead threatened him with separation and subjected him to "career-stunting counseling entries, loss of training opportunities, and removal from his position in leadership as First Sergeant[.]" *Id.* at 2–3. Accordingly, he sought the following relief: (1) a declaratory judgment declaring defendants' vaccination policies unconstitutional and in violation of the Administrative Procedures Act; (2) a preliminary and permanent injunction prohibiting the defendants from enforcing their

vaccination policy; (3) an order declaring unlawful and setting aside defendants' vaccination policies; (4) reasonable attorney fees and costs under 42 U.S.C. § 1988; and (5) all other further relief to which he might be entitled. *Id.* at 31–32.

Shortly thereafter, the Army withdrew its vaccine mandate pursuant to a congressional mandate. Specifically, Congress passed the James M. Inhofe National Defense Authorization Act ("NDAA") for Fiscal Year 2023 and required therein that the Secretary of Defense rescind COVID-19 vaccine mandates for members of the Armed Forces within 30 days. NDAA, Pub. L. No. 117-263, § 525 (2022). Accordingly, the Secretary of Defense issued a memorandum on January 10, 2023, formally rescinding his August 2021 memorandum requiring COVID-19 vaccinations of service members and his November 2021 memorandum requiring same of members of the National Guard and Ready Reserve. *See* doc. 3, att. 1. Plaintiff and defendants had agreed to a stay of this matter pending "publication of relevant guidance by the Department of the Army." Doc. 3. On February 24, 2023, the Secretary of the Army rescinded the Army's COVID-19 vaccination policies and directed filing authorities to rescind all General Officer Memoranda of Reprimand (GOMORs) issued in accordance with such policies. Doc. 12, att. 5, ¶ 7. On March 1, 2023, the flag on plaintiff's file and the GOMOR issued in connection with his vaccine refusal were rescinded. *Id.* at ¶ 8.

The parties issued a joint status report, with plaintiff maintaining that his challenge was not moot and requesting that the court reopen the matter. Doc. 5. The court took no action on that report. A few months later, the United States Court of Appeal for the Fifth Circuit issued a decision on the vaccine mandate challenge in *U.S. Navy SEALS 1-26 v.*

*Biden*, 72 F.4th 666 (5th Cir. 2023). The court held that plaintiffs' claims for injunctive relief were mooted by the Department of Defense's rescission of the mandate and remanded the matter to the district court to determine if any other claims were justiciable. *Id.* at 675–76. In light of that binding decision, this court ordered the parties to file another status report addressing whether any controversies remained in this suit. Doc. 7. While defendants maintained that all of plaintiff's claims were now moot, plaintiff pointed out that the district court had allowed plaintiffs to proceed with their broader challenges to the Navy's religious accommodation process in *U.S. Navy Seals 1–26*. Doc. 8. The undersigned then set deadlines for the defendants to file a motion to dismiss.

Defendants timely filed their motion, arguing that (1) no live controversy remains between the party in light of the mandate's rescission; (2) there is no effectual relief remaining for plaintiff; and (3) no exception to the mootness doctrine would allow plaintiff to proceed with his challenges to the Army's religious accommodation process. Doc. 12. Plaintiff filed an amended complaint in response. Doc. 14. He maintains that all Department of Defense vaccine requirements violate his constitutional rights as well as the Administrative Procedures Act. Accordingly, he seeks declaratory relief, vacatur of the defendants' vaccination policies, and preliminary and permanent injunctions against the enforcement of the challenged vaccination policies. He also seeks injunctions requiring: (1) correction of any personnel records to remove negative proceedings or adverse information regarding his COVID-19 vaccine refusal; (2) inclusion of language in selection board convening orders prohibiting the consideration of COVID-19 vaccine refusal when accommodation was requested; (3) amendment of the religious accommodation policy; (4)

public postings of statements affirming the value of religious expression and informing servicemembers of their right to religious accommodations; and (5) a PowerPoint training informing commanders, supervisors, and other decision-makers in the religious accommodation process of their obligations in processing those requests. Finally, he requests reasonable attorney fees and costs under 42 U.S.C. § 1988. *Id.* at 32–33.

      Defendants again moved for dismissal of plaintiff's claims on the basis of mootness. They further maintained that, to the extent plaintiff has added claims generally challenging defendants' other vaccine requirements or the religious accommodation process, he lacks standing. Doc. 18. Before plaintiff filed his opposition, however, the Fifth Circuit held in *Crocker v. Austin*, 115 F.4th 660 (5th Cir. 2024), that broader challenges by servicemembers to the U.S. Air Force and Department of Defense's vaccination policies were not rendered moot by the rescission of the COVID-19 vaccine mandate. Accordingly, plaintiff in this matter opposes the motion to dismiss and further argues that he may pursue his challenge to the alleged ongoing harms he has suffered from his COVID-19 vaccine refusal. Doc. 22. Defendants maintain that plaintiff's challenge to the COVID-19 vaccine is moot because of the lack of any ongoing harm from the defunct mandate. They also assert that plaintiff lacks standing to challenge vaccination and religious accommodation policies, an issue not reached by the panel in *Crocker*.

## II.
## LAW & APPLICATION

### A. Legal Standards

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* No party has requested an evidentiary hearing and the court finds that they have had adequate opportunity to present their arguments based on the administrative record.

### B. Application

#### 1. COVID-19 vaccine mandate challenges

Defendants first argue that the rescission renders plaintiff's challenges to the COVID-19 vaccine mandate moot, and that no exception applies. A claim may be dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Because Article III of the Constitution limits federal jurisdiction to "cases" and "controversies," a case must be dismissed as moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome[.]" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980).

"Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Indiv. Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Additionally, "[m]ootness applies when intervening circumstances render the court no longer capable of applying meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013). A defendant claiming mootness must show "that it is absolutely clear that [that] the allegedly wrongful behavior could not reasonably be expected to recur." *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Defendants have shown that the mandate is no longer in effect and that the consequences of plaintiff's vaccine refusal have been expunged. Plaintiff suggests, with no support, that there is a partially redacted record relating to vaccine refusal in his Soldier Record Brief ("SRB") that continues to impact his military career. Defendants refute this, showing that the GOMOR was never placed in his SRB, which acts as his permanent personnel record, and that there is no adverse COVID-related information or partially or fully redacted information in his SRB. Doc. 18, att. 3, ¶¶ 4–5; doc. 18, att. 5, ¶ 9. Plaintiff's argument appears to be based on a redacted entry in his Enlisted Record Brief ("ERB"), a legacy document no longer used by the Army.[1] *See* doc. 18, att. 6, ¶¶ 15–20. Based on

---

[1] Plaintiff alleges that the SRB and flag were still visible to promotion boards in April 2023, and that he was passed over because selection board members considering his file at this time "were more likely to rely on their common sense that the presence of prior flags on an individual's record indicates serious problems." Doc. 22, p. 8 n. 1. He further alleges that, once passed over, he was more likely to be passed over again. *Id.* According to the declaration provided by the government, however, the portion of legacy files visible at this time "[did] not include information regarding past flags or assignment considerations, because those items are always redacted and not viewed by the Selection Boards." Doc. 18, att. 6, ¶ 18. Further, the Army's Rescission Memo expressly provided that vaccination

Page 6 of 10

system audit logs, defendants provide a declaration stating that there is no evidence that plaintiff's ERB was viewed by any selection or promotion board. *Id.* at ¶ 19. This legacy information cannot be viewed by any future board. *Id.* at ¶ 20. Accordingly, the government has provided sufficient supporting evidence to contradict the jurisdictional allegations made in the complaint and the court credits this showing over plaintiff's unsupported assertions.

A challenge to a government policy may be mooted by the government's repeal of that policy. *Freedom from Religion Fdn., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). As the Fifth Circuit has already held, plaintiff's claims for injunctive relief relating to the COVID-19 vaccine mandate are now moot. *U.S. Navy SEALS 1-26*, 72 F.4th at 675–76. Likewise, declaratory relief is unavailable because the COVID-19 vaccine mandate has been rescinded and there is no indication it will be reimposed. "The 'case or controversy' requirement of Article III . . . prohibits federal courts from considering questions 'that cannot affect the rights of litigants in the case before them.'" *C&H Nationwide, Inc. v. Norwest Bk. Tex. NA*, 208 F.3d 490, 493 (5th Cir. 2020) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). "Once the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Spell*, 962 F.3d at 179 (agreeing there was no relief available on challenges to expired COVID-19 lockdown orders). Additionally, the Army eliminated any cause of action for past or prospective injury when it implemented the associated guidance by

---

status could not be considered for future assignments and promotions. Doc. 5, att. 2. Accordingly, plaintiff fails to show any link between his vaccination refusal and any alleged ongoing harms to his career.

rescinding all adverse action relating to plaintiff's vaccine refusal from his file. *Accord Schelske v. Austin*, 2023 WL 5986462, at *9 (N.D. Tex. Sep. 14, 2023); *see also Bazzrea v. Mayorkas*, 677 F.Supp.3d 651, 660–61 (S.D. Tex. 2023) (vaccine mandate claims against Coast Guard mooted by rescission and implementation of guidance, which erased disciplinary consequences); *Jackson v. Mayorkas*, 2023 WL 5311482, at *3–*4 (N.D. Tex. Aug. 17, 2023) (same).

### 2. Broader vaccine policy/religious accommodations challenges

To the extent plaintiff would continue with broader challenges to the Army's vaccine policies and religious accommodations, the Fifth Circuit determine in *Crocker* that these are not rendered moot by the rescission. But the panel did not address standing in that matter as to the broader challenges to Defense policies. Instead, standing was only raised in the context of the plaintiff who was no longer an active servicemember. The court found that he could pursue challenges to the COVID-19 mandate because he alleged an injury (separation from the Air Force) resulting from his vaccine refusal. *Crocker*, 115 F.4th at 664–65. As to the still-serving plaintiffs, it found that their broader challenges to Air Force vaccination policy were not moot because the rescission "does not ensure that [the Air Force] will not discriminate against Appellants in the future." *Id.* at 667. Yet it did not discuss the imminence or likelihood of such discrimination.

Here, plaintiff has not identified any vaccine for which he is currently seeking an exemption. And in over two years since he filed this suit, he has not made any additional religious accommodation requests or requests for exemptions from immunization. Doc. 18, att. 2. Standing requires an injury that is "concrete, particularized, and actual or imminent;

fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013) (internal quotations omitted). The threatened injury must be "*certainly impending* to constitute injury in fact;" and "[a]llegations of *possible* future injury" will not suffice. *Id.* (emphasis in original); *see also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990); *Friends of the Earth*, 528 U.S. at 190; *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979). Thus, "there are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness."[2] *Friends of the Earth*, 528 U.S. at 190.

      This appears to be one such case. Plaintiff was ultimately not compelled to take the COVID-19 vaccination and is shielded from any consequences in his career for this refusal. His contention that he may wish to avoid some future vaccine is insufficient to establish an injury. If this happens, he may challenge the accommodation process he then experiences. As of now, however, there is currently no injury or threatened injury for the court to redress for this individual. Accordingly, he lacks standing to proceed with his broader challenges to the Army and Department of Defense's vaccine and religious accommodation policies.

---

[2] The Court offered the example of *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), in which it determined that plaintiff lacked initial standing to seek an injunction against the LAPD's chokehold policy because he could not "credibly allege a realistic threat arising from the policy," but that a citywide moratorium on chokeholds would not have mooted an otherwise valid claim because the moratorium was not permanent. *Friends of the Earth*, 528 U.S. at 190.

## III.
### Conclusion

For the reasons stated above, the Motion to Dismiss [doc 18] will be **GRANTED** and plaintiff's claims will be **DISMISSED WITHOUT PREJUDICE**.[3]

**THUS DONE AND SIGNED** in Chambers on the 29th day of January, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Ordinarily, dismissals for both mootness and lack of standing must be without prejudice. *Wilderness Soc'ty v. Salazar*, 603 F.Supp.2d 52, 72 (D.D.C. 2009) (citing *Payne v. Panama Canal Co.*, 607 F.2d 155, 158 (5th Cir. 1979)); *Green Valley Special Utility Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 468 (5th Cir. 2020).